IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JACKI PICK,** | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 7:22-cv-00112-O |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **BRADLEY JAY RAFFENSPERGER,** | § | |
| | § | |
| *Defendant.* | § | |

## AGREED PROTECTIVE ORDER

Before the Court is the parties' Agreed Motion for Entry of Agreed Protective Order (the "Motion").[1] Having carefully considered the Motion, the Court finds there is good cause for entering this Protective Order. Accordingly, the Court **GRANTS** the Motion and the following is hereby ordered:

**Proceedings and Information Governed.**

1.  This Order ("Protective Order") is made under FED. R. CIV. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party in the course of the above-captioned action (the "Action"), and it includes any nonparty who receives a subpoena in connection with this Action.[2] The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other documents or things produced, given, or filed in this action that are designated by a party as "Confidential

---

[1] The Court grants this Motion without prejudice to Defendant's pending motions seeking to dismiss or transfer the underlying action pursuant to Federal Rule of Civil Procedure 12 and/or on any other grounds. The relief granted herein is made subject to the above-referenced motions and shall not waive or impact the relief sought in Defendant's pending motions.
[2] This Protective Order also governs all previously produced documents and depositions conducted during jurisdictional discovery.

**AGREED PROTECTIVE ORDER**                                                                                      Page 1

Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order, the "Confidential Information" designation means that the document is comprised of trade secrets or commercial or personal information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential. Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL**

A party may designate information disclosed at a deposition as Confidential Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have ten (10) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether any portion of the transcript is to be designated as Confidential Information. If no such designation is made at the deposition or within the ten (10) calendars day

period (during which period, the transcript must be treated as Confidential Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

4.      The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5.      A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have three (3) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this three (3) businesses day time frame, and after the conference required under Local Rule 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until

**AGREED PROTECTIVE ORDER**                                                                                           Page 3

any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information may only be used for purposes of preparation, trial, and appeal of this Action. Confidential Information may not be used under any circumstances for any other purpose.

7. Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

    (a)    the parties to this Action, including any of their employees or agents;

    (b)    counsel for the parties in this Action;

    (c)    supporting personnel employed by (b), such as paralegals, legal secretaries, data-entry clerks, legal clerks, private photocopying and litigation support services;

    (d)    experts or consultants assisting any party in connection with this Action; and

    (e)    any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court-reporting services, demonstrative-exhibit preparation, or the creation of any computer database from documents; and

    (f)    any witness called to give testimony in this Action by deposition, provided that the witness shall not be allowed to retain a copy of the document or material but may be shown the document or material; and

    (g)    the Court and Court personnel.

9. Further, prior to disclosing Confidential Information to a receiving party's proposed expert or consultant, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may file a motion to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

10. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

11. Confidential Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

    (a)    the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6);

    (b)    the person is the designating party, or is a director, officer, employee, consultant, or agent of the designating party; or

    (c)    counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge and Court personnel, and persons to whom disclosure may otherwise be made under and who are bound by this Protective Order, may be present during the disclosure or discussion of the Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

### Nonparty Information.

12.    The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this Action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

### Filing Documents With the Court.

13.    If any party wishes to submit Confidential Information to the Court, the submission must be filed using the *Sealed* and/or *Ex Parte Motion* event. If the producing party does not "de-designate" the Confidential Information during meet and confer discussions related to the sealing of the documents, the producing party must agree to the relief requested by the receiving party's motion to seal. The word "*Sealed"* must appear in the title or caption of any document intended for filing under seal (and any proposed order you believe should be filed under seal if entered by the judge). If filed in hard copy, the submission must be in a sealed envelope bearing the caption of this Action and a notice in the following form:

**CONFIDENTIAL INFORMATION**
*Jacki Pick v. Bradford Jay Raffensperger*, **Case No. 7:22-cv-00112-O (N.D. Tex.)**
**This envelope, which is being filed under seal,**
**contains documents that are subject to a Protective**

**Order governing the use of confidential discovery material.**
**No Prejudice.**

**Other Effects of Designation.**

14. Producing or receiving Confidential Information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

15. Within sixty (60) calendar days after final judgment in this Action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

16.     By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential Information pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

17. It is Ordered that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

18. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**SO ORDERED** on this _____ day of _____, 2023.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

**AGREEMENT TO ENTRY OF ORDER:**

Dated: May 18, 2023

| | |
|---|---|
| */s/ William S. Snyder* | */s/ Matthew Sarelson* |
| **GENE R. BESEN** | **MATTHEW SETH SARELSON, ESQ.** |
| Texas Bar No. 24045491 | Attorney Bar No. 888281FL |
| gbesen@bradley.com | msarelson@dhillonlaw.com |
| **WILLIAM S. SNYDER** | **KARIN M. SWEIGART, ESQ.** |
| Texas Bar No. 00786250 | (*pro hac vice* forthcoming) |
| wsnyder@bradley.com | ksweigart@dhillonlaw.com |
| **HYEWON HANNAH CHOI** | **CHRISTOPHER HALBOHN, ESQ.** |
| Texas Bar No. 24131129 | Texas Bar No. 24109967 |
| hchoi@bradley.com | chalbohn@dhillonlaw.com |
| | |
| **Bradley Arant Boult Cummings LLP** | **Dhillon Law Group, Inc.** |
| Fountain Place | 1601 Forum Place, Suite 403 |
| 1445 Ross Avenue, Suite 3600 | West Palm Beach, FL 33401 |
| Dallas, TX 75202 | T 305.773.1952 |
| (214) 257-9800 (Telephone) | |
| (214) 939-8787 (Facsimile) | *Counsel for Plaintiff* |
| | |
| *Attorneys for Defendant.* | **WILLIAM G. WHITEHILL** |
| | Texas Bar No. 21356550 |
| | bwhitehill@condontobin.com |
| | **Condon Tobin Sladek Thornton Nerenberg, PLLC** |
| | 8080 Park Lane, Suite 700 |
| | Dallas, Texas 75231 |
| | T 214.265.3862 | F 214.691.6311 |
| | |
| | *Local Counsel for Plaintiff* |

## Exhibit A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JACKI PICK,** | § § | |
| *Plaintiff,* | § § | Civil Action No. 7:22-cv-00112-O |
| v. | § § | **JURY TRIAL DEMANDED** |
| **BRADLEY JAY RAFFENSPERGER,** | § § § | |
| *Defendant.* | § § | |

### CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information are to be returned to counsel who provided me with such documents and materials.

_____<br>
Signed<br><br>
_____<br>
Printed Name<br><br>
_____<br>
Date

<u>**Exhibit B**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **JACKI PICK,** | § § | |
| *Plaintiff,* | § § | **Civil Action No. 7:22-cv-00112-O** |
| v. | § § | **JURY TRIAL DEMANDED** |
| **BRADLEY JAY RAFFENSPERGER,** | § § § | |
| *Defendant.* | § | |

<u>**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**</u>

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

_____
Signed

_____
Printed Name

_____
Title or Position

_____
Company

_____
Date