UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JACKI PICK § | |
| § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:22-cv-00112-O |
| § | |
| BRADLEY JAY RAFFENSPERGER § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court are Defendant's Motion to Dismiss (ECF No. 8), filed March 1, 2023; Plaintiff's Response (ECF No. 20), filed June 5, 2023; and Defendant's Reply (ECF No. 25), filed June 20, 2023. Defendant's Motion is **GRANTED**.

### I.   BACKGROUND[1]

Shortly after the 2020 Presidential Election, Jacki Pick ("Plaintiff") "volunteered to assist with election related matters" in the State of Georgia. As part of her volunteer work, Plaintiff attended and participated in a hearing held by the Georgia State Senate Election Law Subcommittee on December 3, 2023 (the "Hearing"). During the Hearing, Plaintiff narrated a video showing footage from the State Farm Arena in Atlanta on November 3rd and 4th, 2020, where Fulton County, Georgia election officials tabulated ballots (the "Video").

About a year later, Bradley J. Raffensperger ("Defendant"), a citizen and Secretary of State of Georgia, authored and released a book entitled "Integrity Counts" (the "Book") and

---

[1] The Court recites the facts as stated in Plaintiff's Complaint. *See generally* Compl., ECF No. 1. At this stage, the Court accepts all well-pleaded allegations in the complaint as true. *See Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

subsequently engaged in national promotional interviews. In the Book, Defendant states that the Video "had been deceptively sliced and edited so that it appeared to show the exact opposite of reality." In later public statements, Defendant described the Video shown by Plaintiff as "doctored" and "false." The Book further made statements that Defendant's office had to "punch down lies" to correct Plaintiff's description of official election boxes containing ballots as "suitcases."

Plaintiff filed this action accusing Defendant of defaming her in two ways: (1) making false statements in the Book and on national media that Plaintiff "presented deceptively edited video to the Georgia legislature" and (2) falsely accusing Plaintiff "of lying that Fulton County election officials stored ballots in suitcases." In response, Defendant filed the instant Motion to Dismiss for lack of personal jurisdiction and improper venue.[2] Accordingly, Defendant's Motion to Dismiss is presented to the Court, and is ripe for consideration.

## II.   LEGAL STANDARD

A federal court may only exercise *in personam* jurisdiction over a nonresident if: (1) the long-arm statute of the forum state allows personal jurisdiction over the defendant and (2) the exercise of personal jurisdiction is consistent with the Fourteenth Amendment's Due Process Clause. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Because Texas's long-arm statute extends personal jurisdiction to the full extent permitted by the Due Process Clause, the only issue necessary to adjudicate is whether the exercise of personal jurisdiction over Defendant offends Due Process. *See id.* at 469-70.

Due Process is satisfied when (i) the nonresident defendant "has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with

---

[2] Def.'s Brief in Support of Mot. to Dismiss 9, ECF No. 9.

the forum state," and (ii) "the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This test "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (cleaned up).

Sufficient minimum contacts support either specific or general jurisdiction. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). Specific jurisdiction exists when the cause of action arises out of or is related to the defendant's purposeful contacts with the forum. *See Burger King*, 471 U.S. at 472. General jurisdiction arises when the defendant has continuous and systematic contacts with the forum state, regardless of whether the cause of action arises from those contacts. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

In a diversity action, a plaintiff must first make a *prima facie* showing that personal jurisdiction exists over the defendant. *Revell*, 317 F.3d at 469. Uncontroverted allegations within the plaintiff's complaint are taken as true. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). Any genuine, material conflicts within the evidence and affidavits are resolved in the plaintiff's favor. *Id.* A district court need not "credit conclusory allegations, even if uncontroverted[,]" nor must it "draw farfetched inferences." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

### III. ANALYSIS

Plaintiff argues that the Court has specific jurisdiction over Defendant because Defendant made false statements in the Book that was adequately circulated in Texas.[3] Defendant argues that the Court lacks specific jurisdiction because "[n]othing in the Complaint suggests that by making the allegedly defamatory statements, whether in [the Book] or when speaking to national media, Defendant 'could have reasonably anticipated being haled into a Texas Court as a result of his statements.'"[4] Based on the following, the Court concludes that specific jurisdiction does not exist.

Courts analyze specific jurisdiction for suits alleging defamation under the "effects test." *Calder v. Jones*, 465 U.S. 783 (1984); *see Clemens*, 615 F.3d at 380–87 (applying the *Calder* effects test). In *Calder*, the Supreme Court upheld a California court's exercise of personal jurisdiction over two defendants from Florida because the defendants had "expressly aimed" their conduct, writing and publishing an article in the National Enquirer, at the forum state and knew that the effects of their conduct would be felt there. 465 U.S. at 788-89. The Court reached this decision because the defendants' article concerned a California resident, addressed activities occurring in California, and was drawn from California sources, and the "brunt of the harm" was suffered in California. *See id*. Accordingly, for *Calder* to apply, the forum must "be the focal point" of a defendant's conduct. *Clemens*, 615 F.3d at 379 (quoting *Calder,* 465 U.S. at 789). In a defamation case, the forum will be considered the focal point if both the subject matter of the article or conduct, and the sources relied upon for the article or conduct were in the forum state. *Id.* at 380.

---

[3] Pl.'s Resp. 8, ECF No. 20.
[4] Def.'s Brief in Support of Mot. to Dismiss 9, ECF No. 9 (citing *Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2010)).

Defendant's comments do not satisfy the *Calder* effects test. In the Book and in later statements, Defendant called the Video "sliced," "chopped-up," "doctored," and "false."[5] Plaintiff argues that because she lives and works in Texas, the "largest quantum of damage that occurred to her is squarely within her home community [of Texas] where she is best known and has the most to lose reputationally."[6] In *Fielding v. Hubert Burda Media, Inc.*, however, the Fifth Circuit cautioned against an approach that only looks at where a plaintiff identifies an injury. 415 F.3d 419, 427 (5th Cir. 2005). "To employ this approach would turn the jurisdictional analysis on its head, focusing attention not on where the alleged tortfeasor directed its activity, but on where the victim could identify tangential harms." *Id.* The fact that Plaintiff resides and suffered harm in Texas "will not alone support jurisdiction under *Calder*." *Revell*, 317 F.3d at 473; *see also Clemens*, 615 F.3d at 380 (declining jurisdiction, because even though the defendant knew harm would result in Texas, Texas was not the focal point of the alleged defamatory statement); *Panda Brandywine Corp.*, 253 F.3d at 869 ("*Calder*'s 'effects' test is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state."). Instead, specific jurisdiction exists only if Texas was the focal point of Defendant's comments. *See Clemens*, 615 F.3d at 379. The Court finds that Texas was not the focal point of Defendant's comments.

First, Defendant did not reference Texas in the Book, nor did he reference any Texas-based activities of Plaintiff. *See Revell*, 317 F.3d at 473. Instead, Defendant's statements concerned issues exclusively related to Georgia and Plaintiff's testimony at the Hearing in the Georgia legislature. Second, when making the allegedly defamatory comments, Defendant does not appear

---

[5] Pl.'s Resp. 5, ECF No. 20.
[6] *Id.* at 8.

to rely on any Texas sources. Third, Defendant's comments in the Book and in nationally public statements do not concern Texas. For these reasons, the Court concludes that it does not possess specific jurisdiction over Defendant.

When "a court finds it lacks personal jurisdiction, it may dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2)." *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). Alternatively, under 28 U.S.C. § 1406(a), a federal court may "transfer the action to any district or division in which it could have been brought if the court finds that it is in the interest of justice to transfer the action." *Id.* (cleaned up). Here, Plaintiff contends that this case should not be transferred to Georgia.[7] Therefore, to enable Plaintiff to choose if and where to proceed, the Court determines that this action be dismissed without prejudice.

## IV. CONCLUSION

Because the Court lacks personal jurisdiction over Defendant, it need not address whether there is proper venue. *See Fielding v. Hubert Burda Media, Inc.*, 2004 WL 532714, at *8 (N.D. Tex. Feb. 11, 2004). For the reasons set forth above, Defendant's Motion to Dismiss for lack of personal jurisdiction is **GRANTED**. Accordingly, it is **ORDERED** this case should be and is hereby **DISMISSED without prejudice**. Separate final judgment shall issue.

**SO ORDERED** on this **17th day** of **October, 2023**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[7] Pl.'s Resp. 15–20, ECF No. 20.